UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLEET GLOBAL SERVICES, INC.,
           Plaintiff,

-vs-                                            Case No. 6:04-cv-954-Orl-18JGG

REPUBLIC WESTERN INSURANCE CO.,
           Defendant/Third-Party
Plaintiff,

v.

TRANSPORTATION INSURANCE
SPECIALISTS, INC.,
AON RISK SERVICES, INC. OF
ARKANSAS,
           Third-Party
Defendants.

## ORDER

THIS CAUSE comes before the Court upon Third-Party Defendant Transportation Insurance Specialists, Inc.'s ("TIS") Motion for Summary Judgment (Doc. 99-1, filed May 1, 2006), to which Defendant/Third-Party Plaintiff Republic Western Insurance Company ("Republic Western") has responded in opposition. (Doc. 120, filed June 1, 2006.) The original action in this suit was filed by Plaintiff Fleet Global Services, Inc. ("Fleet") against Republic Western, asserting a claim for fraud in the inducement. Republic Western, in turn, asserted a claim against TIS for contribution, pursuant to Fla. Stat. § 768.31, Florida's Uniform Contribution Among Tortfeasors Act ("UCATA"), and contractual indemnification. Republic Western also asserted a claim against Third-Party Defendant Aon Risk Services, Inc. of

Arkansas ("AON") for contribution pursuant to UCATA. After reviewing the motions and memoranda provided by each party, the Court denies summary judgment to TIS.[1]

## I. BACKGROUND

This action arises from Fleet's purchase of a trucking liability policy from Republic Western, effective May 15, 2003. Fleet is a long-haul trucking company licensed to operate as a trucking motor carrier in the United States. Republic Western is a casualty insurance company, in the business of providing liability insurance for trucking companies such as Fleet. TIS was a Managing General Agent for Republic Western, authorized pursuant to a General Agency Agreement ("the Agreement") to solicit and bind coverage for Republic Western with companies such as Fleet. TIS negotiated the trucking liability policy with AON, Fleet's retail insurance agent. All communications regarding the trucking liability policy occurred between TIS and AON.

> Under the Agreement between TIS and Republic Western, TIS was authorized to:
>
> (1) collect, receive and account for premiums on insurance policies issued pursuant to the Agreement; (2) deliver and countersign policies of insurance, which had been executed by Republic [Western]; (3) make endorsements, changes, assignments, transfers, and modifications to policies as authorized by Republic [Western]; (4) effect cancellation and non-renewal of policies as provided in Section X of the Agreement; and (5) enter into agreements with sub-agents upon specific authority from Republic [Western].

(Doc. 99-1 at 4, citing Agreement Section I(B)(1)-I(B)(5).) The Agreement also contains an indemnification provision that states:

---

[1] Summary judgment motions have also been filed, individually, by both Republic Western and AON, and have been dealt with by this Court in separate orders.

> General Agent [TIS] hereby agrees to, at all times hereafter, defend, indemnify and hold the Company [Republic Western] harmless from all claims, liability or loss which result from real or alleged, negligent or willful acts, or Errors or Omissions of the General Agent, or the servants, agents, and employees of the General Agent, in the performance of duties under this Agreement. Included are all costs, expenses, attorney's fees and other legal fees, penalties, fines, direct or consequential damages, assessments, verdicts (including punitive damages to the extent permissible under the law of the state where the General Agent maintains its principal office) and any other expense or expenditure incurred by Company as a result of the General Agent's performance or lack of performance under the terms of this Agreement.

(Doc. 99-1 at 4, citing Agreement Section IX(C).) Additionally, pursuant to the terms of the Agreement, the laws of the State of Arizona shall apply to its construction.

In short, Fleet alleges that it relied on Republic Western's A.M. Best[2] rating when purchasing the liability policy, and that Republic Western failed to disclose to Fleet that its A.M. Best rating would probably be lowered shortly after the purchase of the policy. Based on this allegation, Republic Western has asserted third-party claims for contribution, pursuant to UCATA, and contractual indemnification against TIS. Republic Western alleges that because all communication regarding the liability policy occurred between TIS and AON, TIS was responsible for any misrepresentations that may have occurred in the negotiations regarding the A.M. Best rating.

---

[2] A.M. Best is one of five organizations designated as a Nationally Recognized Statistical Rating Organization by the United States Securities and Exchange Commission. A.M. Best issues financial strength ratings that measure an insurance company's ability to pay claims.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

-4-

Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Contractual Indemnification

The parties agree on the law of indemnification in Arizona. Under Arizona law, "[t]he extent of a contractual duty to indemnify must be determined from the contract itself." Superior Cos. v. Kaiser Cement Corp., 733 P.2d 1158, 1160 (Ariz. Ct. App. 1986). Furthermore, words in a contract should be given their ordinary meaning. Triangle Constr. v. City of Phoenix, 720 P.2d 87, 90 (Ariz. Ct. App. 1986). However, "[w]here an indemnity provision does not specifically address what effect the indemnitee's negligence will have on the indemnitor's obligation, it is regarded as a general indemnity agreement." Superior Cos., 733 P.2d at 1161. Under such a general indemnity agreement, "an indemnitee is not entitled to indemnification for a loss resulting from its own active negligence but is entitled to indemnification for its own passive negligence." Id.

The indemnity clause in the Agreement is a general indemnity agreement which does not contain specific language dealing with Republic Western's potential negligence. While a finding of "active negligence" would not entitle Republic Western to indemnification in this situation, a finding of "passive negligence" would. Such a determination of active versus passive negligence is not one for the Court to make at the summary judgment stage of this suit. Therefore, TIS is not entitled to summary judgment on the issue of contractual indemnification.

Even if it were to be determined that the indemnity clause was not a "general indemnity agreement," and instead that simply the plain words of the contract should be used to determine

the extent of TIS's potential indemnification, summary judgment is still inappropriate. There are issues of material fact as to what TIS communicated to AON in the insurance negotiations, as well as to what TIS *should have* communicated to AON in the negotiations. Again, this type of disputed issue (or question) of material fact is within a jury's province, and should not be determined by this Court on summary judgment.

### C. Contribution

Pursuant to UCATA, there is a right of contribution "when two or more persons become jointly or severally liable in tort for the same injury." Fla. Stat. § 768.31(2)(a). Furthermore, "[t]here is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury." Id. § 768.31(2)(c). TIS's contention is that, because the underlying claim in Fleet's suit against Republic Western is for one of fraudulent inducement, contribution is not allowed. TIS argues that fraud in the inducement is an intentional tort which contains a scienter element, and that there is no right to contribution for a party who has intentionally caused an injury.

Florida courts have found, however, that "[s]cienter may be established by proof of misconduct which is knowing or extremely reckless in that it reflects an extreme departure from the standards of ordinary care." Page v. Derrickson, 10 Fla. L. Weekly Fed. D. 586 (M.D. Fla. 1997) (quoting In re Checkers Sec. Litig., 858 F. Supp. 1168, 1176 (M.D. Fla. 1994)). The intent element of the claim for fraud in the inducement may be established not only by "willful[] or wanton[]" conduct, but also by conduct that is deemed by the fact-finder to be reckless or negligent. See First Union Disc. Brokerage Servs., Inc. v. Milos, 744 F. Supp. 1145, 1155 (S.D.

Fla. 1990) ("Though fraud requires that a misrepresentation be intentional, this element may be satisfied by evidence of reckless or mere negligent conduct."). As a result, a claim for fraud in the inducement does not preclude the right of contribution for Republic Western.

TIS also alleges that it is not a joint tortfeasor with Republic Western, because TIS did not participate in the relaying of any information to A.M. Best regarding the insurance rating. It is clear to this Court that TIS is so closely tied to all negotiations regarding the liability policy contract between Republic Western and Fleet that it would be impossible to separate the parties' actions sufficiently to state that TIS was not a potential joint tortfeasor at this stage. There are issues of material fact that must be properly elucidated in order to determine which parties were responsible for certain explanations regarding the A.M. Best rating. Hence, TIS's claim that it is not a joint tortfeasor also fails at this stage.

### III. CONCLUSION

If Republic Western is found liable for fraud in the inducement, it is within the province of the jury to determine that TIS is responsible for contribution. For the foregoing reasons, therefore, TIS's Motion for Summary Judgment is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 7th day of November, 2006.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties