UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLEET GLOBAL SERVICES, INC.,
                              Plaintiff,

-vs-                                                    Case No.  6:04-cv-954-Orl-18JGG

REPUBLIC WESTERN INSURANCE CO.,
                  Defendant/Third-Party
Plaintiff,

v.

TRANSPORTATION INSURANCE
SPECIALISTS, INC.,
AON RISK SERVICES, INC. OF
ARKANSAS,
                  Third-Party
Defendants.

---

## ORDER

THIS CAUSE comes before the Court upon Third-Party Defendant Aon Risk Services,

Inc. of Arkansas's ("AON") Motion for Summary Judgment (Doc. 111-1. filed May 2, 2006),

to which Defendant/Third-Party Plaintiff Republic Western Insurance Company ("Republic

Western") has responded in opposition.  (Doc. 119, filed June 1, 2006.)  The original action in

this suit was filed by Plaintiff Fleet Global Services, Inc. ("Fleet") against Republic Western,

asserting a claim for fraud in the inducement.  Republic Western, in turn, asserted a claim

against AON for contribution. pursuant to Fla. Stat. § 768.31, Florida's Uniform Contribution

Among Tortfeasors Act ("UCATA").  Republic Western also asserted a claim against Third-

Party Defendant Transportation Insurance Specialists. Inc. ("TIS"), for contribution pursuant

to UCATA, and contractual indemnification. After reviewing the motions and memoranda provided by each party, the Court denies summary judgment to AON.[1]

## I. BACKGROUND

This action arises from Fleet's purchase of a trucking liability policy from Republic Western, effective May 15, 2003. Fleet is a long-haul trucking company licensed to operate as a trucking motor carrier in the United States. Republic Western is a casualty insurance company, in the business of providing liability insurance for trucking companies such as Fleet. AON was the retail insurance broker that procured the insurance policy for Fleet. TIS was the Managing General Agent for Republic Western, responsible for soliciting and binding coverage Republic Western on vehicle insurance policies. All communications regarding the trucking liability policy occurred between AON and TIS.

In short, Fleet alleges that it relied on Republic Western's A.M. Best[2] rating when purchasing the liability policy, and that Republic Western failed to disclose to Fleet that its A.M. Best rating would probably be lowered shortly after the purchase of the policy. Based on this allegation, Republic Western has asserted a third-party claim for contribution, pursuant to UCATA, against AON. Republic Western alleges that because all communication regarding

---

[1]Summary judgment motions have also been filed, individually, by both Republic Western and TIS, and have been dealt with by this Court in separate orders.

[2]A.M. Best is one of five organizations designated as a Nationally Recognized Statistical Rating Organization by the United States Securities and Exchange Commission. A.M. Best issues financial strength ratings that measure an insurance company's ability to pay claims.

the liability policy occurred between AON and TIS. AON was responsible for any misrepresentations that may have occurred in the negotiations regarding the A.M. Best rating.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for

trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable. or is not significantly probative. the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Contribution

Pursuant to UCATA, there is a right of contribution "when two or more persons become jointly or severally liable in tort for the same injury." Fla. Stat. § 768.31(2)(a). Furthermore, "[t]here is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury." Id. § 768.31(2)(c). AON's contention is that, because the underlying claim in Fleet's suit against Republic Western is for one of fraudulent inducement, contribution is not allowed. AON argues that fraud in the inducement is an intentional tort, and that an intentional tortfeasor can never seek contribution.

Florida courts have found. however. that "[s]cienter may be established by proof of misconduct which is knowing or extremely reckless in that it reflects an extreme departure from the standards of ordinary care." Page v. Derrickson, 10 Fla. L. Weekly Fed. D. 586 (M.D. Fla. 1997) (quoting In re Checkers Sec. Litig., 858 F. Supp. 1168. 1176 (M.D. Fla. 1994)). The intent element of the claim for fraud in the inducement may be established not only by "willful[] or wanton[]" conduct, but also by conduct that is deemed by the fact-finder to be reckless or negligent. See First Union Disc. Brokerage Servs., Inc. v. Milos, 744 F. Supp. 1145. 1155 (S.D. Fla. 1990) ("Though fraud requires that a misrepresentation be intentional, this element may be

satisfied by evidence of reckless or mere negligent conduct."). As a result, a claim for fraud in the inducement does not preclude the right of contribution for Republic Western.

AON relies heavily on two cases to support its proposition that a defendant accused of fraud cannot assert a claim for contribution: Nesbitt v. Auto-Owners Insurance Co., 390 So. 2d 1209 (Fla. 5th DCA 1980) and In re Air Crash Near Cali, Colombia on December 20, 1995, 24 F. Supp. 2d 1340 (S.D. Fla. 1998). However, the court in In re Air Crash makes clear this point: "[T]he Nesbitt case does not stand for the proposition that all 'reckless' conduct bars contribution as a matter of law." In re Air Crash, 24 F. Supp. 2d at 1350. The In re Air Crash court concluded that the third-party defendants were not entitled to summary judgment on the contribution claims in that case. Similarly, AON is not entitled to summary judgment here. It is within a jury's province to determine if Republic Western's conduct amounts to intentional, or reckless, or willful, or wanton conduct, and if this conduct rises to the level required to prove fraud in the inducement.

AON also alleges that it is not a joint tortfeasor with Republic Western because there is no evidence of any wrongdoing by AON. It is clear to this Court, however, that AON is so closely tied to all negotiations regarding the liability policy contract between Republic Western and Fleet that it would be impossible to separate the parties' actions sufficiently to state that AON was not a potential joint tortfeasor at this stage in the proceedings. There are issues of material fact that must be properly elucidated in order to determine which parties were responsible for certain explanations regarding the A.M. Best rating. Hence, AON's claim that it is not a joint tortfeasor also fails at this stage.

Finally, AON asserts that Fleet waived its fraud claim by renewing insurance with Republic Western after learning of the downgrade in the A.M. Best rating. This is an argument that should be, and has been, more properly submitted by Republic Western before this Court. Regardless, Fleet asserts that it did not learn of the facts of the alleged fraud until after discovery was conducted in the present case. Therefore, Fleet has not waived its claim despite applying for a second policy with Republic Western after learning of its C rating.

### III. CONCLUSION

If Republic Western is found liable for fraud in the inducement, it is within the province of the jury to determine that AON is responsible for contribution. For the foregoing reasons, therefore, AON's Motion for Summary Judgment is **DENIED.**

AON has also filed a Motion to Strike Inadmissible Exhibit Attached to Republic Western's Opposition to AON's Motion for Summary Judgment (Doc. 122, filed June 12, 2006), to which Republic Western responded in opposition. (Doc. 124, filed June 23, 2006.) AON's Motion is hereby **DENIED**, as the exhibit offered by Republic Western is admissible at the summary judgment stage.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of November, 2006.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-