UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLEET GLOBAL SERVICES, INC.,
                    Plaintiff,

-vs-                                 Case No.  6:04-cv-954-Orl-18JGG

REPUBLIC WESTERN INSURANCE CO.,
          Defendant/Third-Party
Plaintiff,

v.

TRANSPORTATION INSURANCE
SPECIALISTS, INC.,
AON RISK SERVICES, INC. OF
ARKANSAS,
                 Third-Party
Defendants.

---

## ORDER

    THIS CAUSE comes before the Court upon Third-Party Defendant Transportation Insurance Specialists, Inc.'s ("TIS") Motion for Reconsideration. (Doc. 154, filed March 28, 2007.) Defendant/Third-Party Plaintiff Republic Western Insurance Company ("Republic Western") responded in opposition.[1] (Doc. 177. filed April 23. 2007.) Third-Party Defendant Aon Risk Services, Inc. of Arkansas ("AON") also filed a Motion for Reconsideration. (Doc. 152. filed March 28, 2007.) However. AON's Motion is now moot because this Court has

---

[1]Defendant/Third-Party Plaintiff Republic Western filed a Motion for Leave to File Response on April 19, 2007. (Doc. 174.) This Court granted that motion on April 20, 2007. (Doc. 176, filed April 23, 2007.)

been notified of a pending stipulation between AON and Republic Western which will remove AON from this lawsuit.

Each Motion for Reconsideration is based on the same case law, and TIS "joins in and adopts the Memorandum of Law filed by third party defendant, AON" (Doc. 154 at 3), so this Court will evaluate each Memorandum of Law, including AON's, in determining its Order. TIS respectfully requests that this Court reconsider its Order of November 7, 2006 (Doc. 143) denying TIS's Motion for Summary Judgment. (Doc. 99, filed May 1, 2006.) After reviewing each Motion and incorporated Memoranda, the Court **GRANTS** the Motion for Reconsideration, and, after reconsideration, **GRANTS** Summary Judgment to TIS.

## I. BACKGROUND

As stated in this Court's previous orders, the following is a brief factual background:

This action arises from Fleet Global Services, Inc.'s ("Fleet") purchase of a trucking liability policy from Republic Western Insurance Co. ("Republic Western"), effective May 15, 2003. Fleet is a long-haul trucking company licensed to operate as a trucking motor carrier in the United States. Republic Western is a casualty insurance company, in the business of providing liability insurance for trucking companies such as Fleet. TIS was a Managing General Agent for Republic Western, authorized pursuant to a General Agency Agreement ("the Agreement") to solicit and bind coverage for Republic Western with companies such as Fleet. TIS negotiated the trucking liability policy with AON, Fleet's retail insurance agent. All communications regarding the trucking liability policy occurred between TIS and AON.

Under the Agreement between TIS and Republic Western, TIS was authorized to:

> (1) collect. receive and account for premiums on insurance policies issued pursuant to the Agreement; (2) deliver and countersign policies of insurance, which had been executed by Republic [Western]; (3) make endorsements, changes, assignments, transfers. and modifications to policies as authorized by Republic [Western]; (4) effect cancellation and non-renewal of policies as provided in Section X of the Agreement: and (5) enter into agreements with sub-agents upon specific authority from Republic [Western].

(Doc. 99-1 at 4. <u>citing</u> Agreement Section I(B)(1)-I(B)(5).)  The Agreement also contains an

indemnification provision that states:

> General Agent [TIS] hereby agrees to, at all times hereafter, defend, indemnify and hold the Company [Republic Western] harmless from all claims, liability or loss which result from real or alleged, negligent or willful acts. or Errors or Omissions of the General Agent. or the servants, agents, and employees of the General Agent, in the performance of duties under this Agreement. Included are all costs. expenses, attorney's fees and other legal fees, penalties, fines, direct or consequential damages, assessments, verdicts (including punitive damages to the extent permissible under the law of the state where the General Agent maintains its principal office) and any other expense or expenditure incurred by Company as a result of the General Agent's performance or lack of performance under the terms of this Agreement.

(Doc. 99-1 at 4, <u>citing</u> Agreement Section IX(C).)  Additionally, pursuant to the terms of the

Agreement, the laws of the State of Arizona shall apply to its construction.

In short, Fleet alleges that it relied on Republic Western's A.M. Best[2] rating when

purchasing the liability policy. and that Republic Western failed to disclose to Fleet that its

A.M. Best rating would probably be lowered shortly after the purchase of the policy.  Based on

this allegation. Republic Western has asserted third-party claims for contribution, pursuant to

Fla. Stat. § 768.31, Florida's Uniform Contribution Among Tortfeasors Act ("UCATA"), and

---

[2]A.M. Best is one of five organizations designated as a Nationally Recognized Statistical Rating Organization by the United States Securities and Exchange Commission. A.M. Best issues financial strength ratings that measure an insurance company's ability to pay claims.

contractual indemnification against TIS. Republic Western also asserted a third-party claim for

contribution. pursuant to UCATA, against AON. Republic Western alleges that because all

communication regarding the liability policy occurred between TIS and AON, those two parties

were responsible for any misrepresentations that may have occurred in the negotiations

regarding the A.M. Best rating.

This Court denied both Third-Party Defendants' Motions for Summary Judgment. This

Court also denied Republic Western's Motion for Summary Judgment. (Doc. 142, filed

November 7, 2006.)

## II. ANALYSIS

TIS bring its motion pursuant to Federal Rule of Civil Procedure 54(b) which provides:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more
> than one claim for relief is presented in an action, whether as a claim,
> counterclaim. cross-claim. or third-party claim, or when multiple parties are
> involved, the court may direct the entry of a final judgment as to one or more but
> fewer than all of the claims or parties only upon an express determination that
> there is no just reason for delay and upon an express direction for the entry of
> judgment. In the absence of such determination and direction, any order or other
> form of decision, however designated, which adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties shall not terminate
> the action as to any of the claims or parties. and the order or other form of
> decision is subject to revision at any time before the entry of judgment
> adjudicating all the claims and the rights and liabilities of all the parties.

TIS properly points out that Rule 54(b) is the appropriate avenue for this Motion for

Reconsideration, as there has been no final entry of judgment in this case. TIS also properly

states that "[r]equests for reconsideration fall within the 'inherent power [of the Court] to

reconsider and revise its orders in the interest of justice.'" Columbia Data Prods.. Inc. v.

Symantec Corp.. No. 6:06-cv-66-ORL-22KRS, 2006 WL 3841785, at *1 (M.D. Fla. Dec. 20,

2006) (quoting Delta Health Group, Inc. v. U.S. Dep't of Health & Human Servs., 459 F. Supp. 2d 1207, 1227 (N.D. Fla. 2006)). Courts in the Eleventh Circuit have recognized three instances in which reconsideration is warranted: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med. v. Dean Witter Reynolds Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Third-party Defendant TIS argues that, in denying it summary judgment, the Court overlooked controlling authority regarding fraudulent inducement from the Eleventh Circuit and Florida Supreme Court. TIS is correct in this assertion.

As was recently reasserted by the Eleventh Circuit, the requirements for a claim of fraud or fraudulent inducement are: "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1315 (11th Cir. 2007). The third requirement, that of intent, is quite clearly a scienter element that cannot be established by extremely reckless misconduct—a fact that the Court misinterpreted. Actual knowledge of the misrepresentation must be present in order for a fraudulent inducement claim to stand.

Additionally, as the Court pointed out in its previous Orders, under UCATA, "[t]here is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury." Fla. Stat. § 768.31(2)(c). Therefore, because fraudulent inducement is an intentional tort, and because there is no right of contribution for

intentional torts under Florida law, TIS should have been granted summary judgment previously by this Court. There was clear error in this case, and it is within this Court's purview to correct that error.

## III. CONCLUSION

Due to Third-Party Defendant TIS's diligence in bringing to this Court's attention the reaffirmation of Eleventh Circuit law regarding fraudulent inducement, this Court as this time will **GRANT** its Motion for Reconsideration. Upon reconsideration of this Court's Order denying summary judgment to TIS, the Court **VACATES** its earlier Order denying summary judgment, and instead **GRANTS** summary judgment to TIS in this matter. In summary:

(1) Third-Party Defendant TIS's Motion for Reconsideration (Doc. 154) is **GRANTED**;

(2) this Court's Order denying TIS's Motion for Summary Judgment (Doc. 143) is **VACATED**; and

(3) Summary judgment is hereby **GRANTED** to TIS.

**DONE** and **ORDERED** in Orlando, Florida on this _23_ day of April, 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

-6-